FILED

2020 Jun-22  AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY LOUIS JONES, JR. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 2:19-cv-08027-LSC |
| | ) | (2:15-cr-00145-LSC-GMB-1) |
| UNITED STATES OF AMERICA | ) | (2:15-cr-00397-LSC-JHE-1) |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

Petitioner Timothy Louis Jones, Jr. ("Jones") filed with this Court a motion to

vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.)

Jones additionally requests that the Court appoint counsel to represent him in this

action. (Doc. 2.) This Court has conducted a review of the motions (docs. 1 & 2) and

determines that they are due to be denied and this action dismissed.

**I.      Background**

On May 28, 2015, Jones was indicted on one count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in case number 2:15-cr-

00145-LSC-GMB-1, stemming out of an incident taking place on or about October

2, 2013. Jones pleaded guilty to that charge, pursuant to a written plea agreement, on November 5, 2015.

On November 30, 2015, Jones was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in case number 2:15-cr-00397-LSC-JHE-1, stemming out of a different incident and arrest that took place on or about March 26, 2015.  On January 14, 2016, Jones pled guilty to being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), pursuant to a written plea agreement.

This Court conducted Jones's sentencing hearing for both cases on March 8, 2016. For case number 2:15-cr-00145-LSC-GMB-1, Jones was sentenced to a term of imprisonment of sixty-three (63) months to run consecutive to all other cases. For case number 2:15-cr-00397-LSC-JHE-1, Jones was sentenced to a term of sixty-three (63) months to run concurrent with Jefferson County Alabama Court cases CC 15-3086, DC 15-2901, and DC 15-2903 through 15-2905, and to run consecutive to the judgment in case number 2:15-cr-00145-LSC-GMB-1 and all other state court cases. Judgment was entered on March 9, 2016. Jones did not appeal.

Jones filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on April 23, 2019. This Court denied Jones's motion on May 6, 2019.

On July 23, 2019, Jones filed the instant motion.[1]

## II.    Discussion

Jones's sole argument is that his felon in possession of a firearm conviction should be vacated due to the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). However, this Court lacks jurisdiction to consider his motion.

Before a prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from the Eleventh Circuit authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Without the Eleventh Circuit's authorization, the district court lacks jurisdiction to consider a second or successive § 2255 motion. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). There is no indication that Jones has received such authorization from the Eleventh Circuit. Therefore, Jones' motion is due to be dismissed for lack of jurisdiction.

Jones also requested that this Court appoint counsel to represent him in this action. Jones is advised that there is no statutory or constitutional right to counsel for a § 2255 proceeding. *See Pennsylvania v Finley*, 481 U.S. 551, 555 (1987) (no "constitutional  right  to  counsel  when  mounting  collateral  attacks  upon  .  .  .

---

[1] While this action has been pending, Jones has since filed another 2255 petition on Dec. 10, 2019.

convictions"). Section 2255(h) provides that a court *may* appoint counsel in a §

2255 proceeding, and that such appoint of counsel is governed by 18 U.S.C. §

3006A. Under § 3006A, the court may appoint counsel in a § 2255 proceeding

whenever "the interests of justice so require." Upon review of the record, Jones

has failed to demonstrate the interests of justice require this Court to appoint

counsel for him in this action.

## III. Conclusion

For the reasons stated above, the § 2255 motion (doc. 1) and his motion to

appoint counsel (doc. 2) are due to be denied and this case dismissed with

prejudice for lack of jurisdiction.

Additionally, to the extent this dismissal necessitates a ruling on the

certificate of appealability issue, one will not be issued by this Court. This Court

may issue a certificate of appealability "only if the applicant has a made a

substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

To make such a showing, a "petitioner must demonstrate that reasonable jurist

would find the district court's assessment of the constitutional claims debatable

and wrong,"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues

presented were adequate to deserve encouragement to proceed further."  *Miller-*

*El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). Jones' claims

4

do not satisfy either standard.  Accordingly, insofar as an application for a certificate of appealability is implicit in Jones' motion, it is due to be denied.

A separate closing order will be entered.

**DONE** and **ORDERED** on June 22, 2020.

L. Scott Coogler
United States District Judge

201416